IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANTHONY C. BASS<br><br>  Plaintiff,<br><br>vs.<br><br>FMI SERVICES GROUP, INC., SOUTHLAND LANDSCAPE CORPORATION (d/b/a SOUTHLAND LANDSCAPE MANAGEMENT and f/k/a GROUNDS CONTROL LANDSCAPE MANAGEMENT, INC.), DONALD L. POTTIEGER, SR. and DONALD L. POTTIEGER, JR.<br><br>  Defendants. | Civil Action No.  2:14-cv-04196-DCN<br><br><br><br>**COMPLAINT**<br><br>**Non-Jury** |

The Plaintiff, Anthony C. Bass, complaining of the Defendants, FMI Services Group, Inc., Southland Landscape Corporation (d/b/a Southland Landscape Management) Donald L. Pottieger, Sr. and Donald L. Pottieger, Jr., alleges and says:

**NATURE OF THE CASE**

1. This action arises from Defendants' breach of two contracts, and specifically, their default and failure to pay monies owed to Plaintiff under the contracts.

2. Defendants defaulted on a Promissory Note with Plaintiff, as lender [balance owed $27,467.31, exclusive of additional interest and fees], arising from a $100,00.00 loan provided by Plaintiff to Defendants. The loan accounted for the deferred portion of the overall $1,000,000.00 Purchase Price of a

1

landscaping company which Defendants purchased from Plaintiff on or about June 26, 2006, as memorialized in a Stock Purchase Agreement.

3.     Defendants also defaulted on a Consulting Agreement with Plaintiff, as consultant [balance owed $109,869.55, exclusive of additional interest and fees].  The Consulting Agreement was originally executed by Plaintiff and Defendants on June 30, 2006, in the face amount of $523,740.00.

4.     Prior to filing the subject action, Plaintiff provided a written notice and opportunity for Defendants to cure said deficiencies, but Defendants failed and refused to cure same, and continue to fail and refuse hereto.

5.     Plaintiff Anthony C. Bass is a citizen and resident of the State of Georgia.

6.     FMI Services Group ("FMI") is a Maryland corporation and authorized to do business in South Carolina.

7.     Southland Landscape Corporation (d/b/a Southland Landscape Management and f/k/a Grounds Control Landscape Management, Inc.) ("Southland") is a South Carolina corporation authorized to do business in South Carolina.

8.     Upon information and belief, FMI and Southland merged on April 18, 2007, and it has retained the name Southland Landscape Corporation (d/b/a Southland Landscape Management).  Its headquarters are located at 1983 Technology Drive, Charleston, South Carolina 29492.

9.     At all times giving rise to this Complaint, FMI is/was engaged in the business of providing, among other things, landscaping services, and its headquarters are/were located at 1983 Technology Drive, Charleston, South Carolina 29492.

10.    At all times giving rise to this Complaint, Donald L. Pottieger, So. ("Pottieger, Sr.") is/was the President and/or Treasurer of FMI, Grounds Control, and Southland, and he transacts business in South Carolina.

11.  At all times giving rise to this Complaint, Donald L. Pottieger, Jr. ("Pottieger, Jr.") is/was the President and CEO of FMI, Grounds Control, and Southland, and he transacts business in South Carolina.

12.  Both Pottieger, Sr. and Pottieger, Jr. executed the subject contracts on behalf of the Defendants giving rise to this Complaint, and each of them also executed a Guaranty of Payment, jointly and severally, unconditionally guaranteeing payment to Plaintiff under all relevant contracts.

## JURISDICTION AND VENUE

13.  Jurisdiction is vested in this Court under 28 U.S.C. §1332 because Plaintiff is not a resident of South Carolina, and is diverse from all Defendants.

14.  The amount in controversy exceeds $75,000.00.

15.  Venue is appropriate in the Charleston Division of this Court because the Defendants are located in Charleston County, and the acts and omissions alleged took place in Charleston, South Carolina.

## FIRST CAUSE OF ACTION
**(Suit on Guaranty:  As to Defendants Pottieger, Sr. and Pottieger, Jr.)**

16.  Plaintiff incorporates the allegations above and below.

17.  On or about June 30, 2006, Pottieger, Sr. and Pottieger, Jr. each executed a "Guaranty of Payment" which set forth the following, in relevant part:

> The undersigned do hereby, jointly and severally, unconditionally guarantee unto Anthony C. Bass the punctual payment of any and all amounts due and payable by FMI Services Group, Inc. ("FMI") under (i) that certain Promissory Note of even date herewith by FMI to Anthony C. Bass ("Bass"), in the face amount of $100,000.00 (the "Note"), (ii) those certain deferred payments described in Section 2.3.3 of that certain Stock Purchase Agreement by and between FMI and Bass ("Section 2.3.3 of the SPA"), and (iii) that certain Consulting Agreement of even date herewith by and between FMI and Bass (the "Consulting Agreement") . . .

18.  The Promissory Note and the Consulting Agreement were originally executed on or about June 30, 2006 by Plaintiff and Defendants, and

had a maturity date on or about June 30, 2013.  The terms of both contracts are incorporated by reference and attached herein (*See,* Exhibits A and B, respectively).

19.     On or about July 13, 2009, Plaintiff and Defendants also executed an Addendum to the Consulting Agreement (inclusive of which are the executed "Guarantys of Payment," above-referenced) ("Addendum"), and the terms of Addendum are incorporated by reference and attached herein (*See*, Exhibit C).

20.     Upon the maturity date, Defendants failed to fully pay the amounts owed under both the Promissory Note and the Consulting Agreement, both of which were owed and payable to Plaintiff.

21.     Pottieger, Sr. and Pottieger, Jr. breached their respective Guarantys of Payment, jointly and severally, in Defendants' failure to pay all amounts due and payable to Plaintiff under the Promissory Note and the Consulting Agreement.

22.     Pottieger, Sr. and Pottieger, Jr. are liable, jointly and severally, for all payments owed to Plaintiff (including all applicable accruing interest, late fees, and attorneys' fees).

## SECOND CAUSE OF ACTION
**(Breach of Contract as to All Defendants: Promissory Note)**

23.     Plaintiff incorporates the allegations above and below.

24.     On or about June 30, 2006, Plaintiff and FMI executed a Promissory Note, whereby FMI promised to pay Plaintiff, as lender, the principal sum of $100,000.00, with interest.

25.     The parties agreed that FMI shall pay equal consecutive monthly installments of $1,558.62, from July 30, 2006 up until the June 30, 2013 maturity date.

26.     FMI defaulted in its payments to Plaintiff, and upon the maturity date, FMI owed Plaintiff the deficiency.

4

27. As of an April 28, 2014 demand letter to cure the Promissory Note deficiency, Defendants owed Plaintiff $27,467.31, exclusive of accruing interest, late penalties and fees (*See*, Exhibit D).

28. Defendants failed and refused, and continue to fail and refuse, to cure the deficiency owed under the Promissory Note.

29. Defendants' obligation to pay the debt under the Promissory Note was expressly guaranteed by Pottieger, Sr. and Pottieger, Jr.

30. Pursuant to the Promissory Note, Plaintiff is entitled to payment and/or reimbursement from Defendants for any and all reasonable costs incurred by Plaintiff after a default hereunder in collection of the amounts owed hereunder, including reasonable attorneys' fees.

31. Defendants are liable to Plaintiff for all damages due and payable, with accruing interest, late fees, and attorneys' fees, as a result of Defendants' breach and default under the Promissory Note.

## THIRD CAUSE OF ACTION
### (Breach of Contract as to All Defendants: Consulting Agreement)

32. Plaintiff incorporates the allegations above and below.

33. On or about June 30, 2006, Plaintiff and FMI executed a Consulting Agreement, whereby FMI hired Plaintiff as consultant in order to, among other things, facilitate the transfer of ownership and management of Plaintiff's business to FMI.

34. The parties agreed that FMI shall pay Plaintiff $6,325.00 per month for eight-four (84) consecutive months (a face value of $523,740.00), among other benefits, as compensation for the agreed-upon consulting services.

35. On or about July 13, 2009, Plaintiff and Defendants executed an Addendum to the Consulting Agreement.

36. The Addendum included the following signatories in the following capacities: (1) Anthony C. Bass, as Consultant; (2) Donald L. Pottieger, Jr., as President of Grounds Control Services Group, Inc.; (3) Donald L. Pottieger, Jr., as Personal Guarantor; and (4) Donald L. Pottieger, Sr. as the Personal Guarantor

and on behalf of FMI Services Group / Southland.  (The aforementioned "Gurantys of Payment" were also separately executed by Pottieger, Jr. and Pottieger, Sr., under seal, and with signed witnesses).

37. Pursuant to the Addendum, the parties revised the installment payment obligation of Defendants to Plaintiff for said consulting services, whereby Defendants shall pay Plaintiff $4,000.00 per month from July 1, 2009 through December 1, 2010, and then $8,000.00 per month from January 1, 2011 through June 1, 2013.

38. Defendants defaulted in their payments to Plaintiff, and upon the maturity date, Defendants owed Plaintiff the deficiency.

39. As of an April 28, 2014 demand letter to cure the Consulting Agreement (and Addendum) deficiency, Defendants owed Plaintiff $109,869.55, exclusive of accruing interest, late penalties, and attorneys' fees. (*See*, Exhibit D).

40. Defendants failed and refused, and continue to fail and refuse, to cure the deficiency owed under the Consulting Agreement, and its Addendum.

41. Defendants' obligation to pay the debt under the Consulting Agreement, and its Addendum, was expressly guaranteed by Pottieger, Sr. and Pottieger, Jr.

42. Defendants are liable to Plaintiff for all damages due and payable, with accruing interest, late fees, and attorneys' fees, as a result of Defendants' breach and default under the Consulting Agreement, and its Addendum.

**WHEREFORE**, Plaintiff prays that the Court enter an Order:
(1) Granting Plaintiff judgment against the Defendants, jointly and severally, in the amount of $137,332.86, plus interest and late fees accruing since the April 28, 2014 written notice to cure, until the date of judgment and thereafter at the judgment rate until paid in full;
(2) For the attorneys' fees and costs associated with this action; and
(3) For such other and further relief as the Court deems just and proper.

6

**FORD WALLACE THOMSON LLC**


By: s/ Neil D. Thomson_____
    Neil D. Thomson, Esq.
    Federal Bar No. 9386
    E-Mail: neil.thomson@fordwallace.com
    715 King Street
    Charleston, SC 29403
    (843) 277-2011 (office)
    (843) 614-6412 (fax)

    *Attorney for Plaintiff Anthony C. Bass*

Charleston, South Carolina
October 28, 2014