UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANTHONY C. BASS, | ) | |
| | ) | Civil Action No. 2:14-cv-04196-DCN |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | ANSWER AND CROSS CLAIM OF |
| FMI SERVICES GROUP, INC., | ) | DEFENDANTS SOUTHLAND |
| SOUTHLAND LANDSCAPE | ) | LANDSCAPE CORPORATION, |
| CORPORATION (d/b/a SOUTHLAND | ) | DONALD L. POTTIEGER, SR. AND |
| LANDSCAPE MANAGEMENT AND | ) | FMI SERVICES GROUP, INC. |
| f/k/a GROUNDS CONTROL LANDSCAPE | ) | |
| MANAGEMENT, INC.), DONALD L. | ) | |
| POTTIEGER, SR. and | ) | |
| DONALD L. POTTIEGER, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Defendants Southland Landscape Corporation, Donald L. Pottieger, Sr. and FMI Services Group, Inc. respond to the allegations of the Complaint and Cross Claim against Defendant Donald L. Pottieger, Jr. as follows:

**FOR A FIRST DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT**
*(Denial)*

1.      Each and every allegation in said Complaint not hereinafter specifically admitted is denied.

2.      The allegations of Paragraph One (1) of the Complaint are denied as to these Defendants.

3.      Responding to the allegations of Paragraph Two (2) of the Complaint, these Defendants admit that FMI Services Group, Inc., now known by merger as Southland Landscape Corporation, entered into a Subordinated Promissory Note payable to the Plaintiff, the terms and

conditions of which are contained on Exhibit "A" to the Complaint, and these Defendants crave reference to the exact terms of the said Subordinated Promissory Note to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Two (2) of the Complaint are denied.

4.      Responding to the allegations of Paragraph Three (3) of the Complaint, these Defendants admit that FMI Services Group, Inc., now known by merger as Southland Landscape Corporation, entered into a Consulting Agreement with the Plaintiff, the terms and conditions of which are contained on Exhibit B to the Complaint, and these Defendants crave reference to the exact terms of the said Consulting Agreement to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Three (3) of the Complaint are denied.

5.      Responding to the allegations of Paragraph Four (4) of the Complaint, these Defendants admit that the Plaintiff made demand for payment prior to filing the within action, and that these Defendants did not make the demanded payment; the remaining allegations of Paragraph Four (4) of the Complaint are denied.

6.      The allegations of Paragraph Five (5) of the Complaint are admitted.

7.      Responding to the allegations of Paragraph Six (6) of the Complaint, these Defendants admit that FMI Services Group, Inc. Was formerly a Maryland corporation authorized to do business in South Carolina, but affirmatively aver that the said corporation was merged into Southland Landscape Corporation, and is no longer in existence by reason of said merger.

8.      Responding to the allegations of Paragraph Seven (7), these Defendants admit that Southland Landscape Corporation is a South Carolina corporation authorized to do business in South Carolina and that it has operated under the name of Southland Landscape Management; these Defendants deny that they have done business as Grounds Control Landscape Management; the

remaining allegations of Paragraph Seven (7) of the Complaint are denied.

9.      The allegations of Paragraphs Eight (8) and Nine (9) of the Complaint are admitted.

10.     Responding to the allegations of Paragraph Ten (10) of the Complaint, these Defendants admit that Defendant Donald L. Pottieger, Sr. is and was the President and Treasurer for Southland Landscape Corporation and FMI Services Group; the remaining allegations of Paragraph Ten (10) of the Complaint are denied.

11.     The allegations of Paragraph Eleven (11) of the Complaint are denied.

12.     Responding to the allegations of Paragraph Twelve (12) of the Complaint, these Defendants admit Donald Pottieger, Sr. signed some documentation as a representative of the companies reflected therein, and these Defendants crave reference to the exact terms of the said Subordinated Promissory Note and Consulting Agreement to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Twelve (12) of the Complaint are denied.

13.     The allegations of Paragraphs Thirteen (13) of the Complaint are denied.

14.     The allegations of Paragraphs Fourteen (14) and Fifteen (15) of the Complaint are denied.

15.     Responding to the allegations of Paragraph Sixteen (16) of the Complaint, these Defendants repeat and reallege the allegations of Paragraphs One (1) through Fourteen (14) of this Answer and Cross Claim as if repeated herein verbatim.

16.     Responding to the allegations of Paragraph Seventeen (17) of the Complaint, these Defendants admit Donald Pottieger, Sr. signed a Guaranty of Payment on June 30, 2006, and these Defendants crave reference to the exact terms of the said Guaranty of Payment to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Seventeen

(17) of the Complaint are denied.

17.     Responding to the allegations of Paragraph Eighteen (18) of the Complaint, these Defendants admit that the Subordinated Promissory Note and Consulting Agreement were signed on June 30, 2006, and that the documents are attached to the Complaint as Exhibits "A" and "B"; these Defendants crave reference to the exact terms of the said Subordinated Promissory Note and Consulting Agreement to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Eighteen (18) of the Complaint are denied.

18.     Responding to the allegations of Paragraph Nineteen (19) of the Complaint, these Defendants admit that the Plaintiff and Grounds Control Landscape Management, Inc. executed a Consulting Agreement on July 13, 2009, and that the document is attached to the Complaint as Exhibit C; these Defendants crave reference to the exact terms of the said Consulting Agreement to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Nineteen (19) of the Complaint are denied.

19.     The allegations of Paragraphs Twenty (20), Twenty-One (21) and Twenty-Two (22) of the Complaint are denied.

20.     Responding to the allegations of Paragraph Twenty-Three (23) of the Complaint, these Defendants repeat and reallege the allegations of Paragraphs One (1) through Nineteen (19) of this Answer and Cross Claim as if repeated herein verbatim.

21.     Responding to the allegations of Paragraphs Twenty-Four (24) and Twenty-Five (25) of the Complaint, these Defendants admit that Defendant FMI executed a Subordinated Promissory Note payable to the Plaintiff, a true and correct copy of which is attached as Exhibit "A" to the Complaint; these Defendants crave reference to the exact terms of the said Subordinated Promissory Note to determine the rights and obligations of the parties thereunder; the remaining allegations of

Paragraphs Twenty-Four (24) and Twenty-Five (25) of the Complaint are denied.

22.     The allegations of Paragraph Twenty-Six (26), Twenty-Seven (27), and Twenty-Eight (28) of the Complaint are denied.

23.     Responding to the allegations of Paragraph Twenty-Nine (29) and Thirty (30) of the Complaint, these Defendants admit Donald Pottieger, Sr. signed a Guaranty of Payment on June 30, 2006, and these Defendants crave reference to the exact terms of the said Guaranty of Payment to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraph Twenty-Nine (29) and Thirty (30) of the Complaint are denied.

24.     The allegations of Paragraph Thirty-One (31) of the Complaint are denied.

25.     Responding to the allegations of Paragraph Thirty-Two (32) of the Complaint, these Defendants repeat and reallege the allegations of Paragraphs One (1) through Twenty-Four (24) of this Answer and Cross Claim as if repeated herein verbatim.

26.     Responding to the allegations of Paragraphs Thirty-Three (33) and Thirty-Four (34) of the Complaint, these Defendants admit FMI executed a Consulting Agreement on June 30, 2006, and these Defendants crave reference to the exact terms of the said Consulting Agreement to determine the rights and obligations of the parties thereunder; the remaining allegations of Paragraphs Thirty-Three (33) and Thirty-Four (34) of the Complaint are denied.

27.     The allegations of Paragraphs Thirty-Five (35), Thirty-Six (36), Thirty-Seven (37) Thirty-Eight (38), Thirty-Nine (39), Forty (40), Forty-One (41) and Forty-Two (42) of the Complaint are denied. of the Complaint are denied.

### FOR A SECOND DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT
*(Novation)*

28.     Further responding to the allegations of the Complaint, these Defendants would show

that the Plaintiff and Grounds Control Landscape Management entered into a new Consulting Agreement which superseded and replaced the consulting agreement between the Plaintiff and Defendants Southland Landscape Company, LLC and the guarantee of Defendant Donald Pottieger, Sr., for which reason the Plaintiff may not recover upon any amount claimed in the 2006 Consulting Agreement.

### FOR A THIRD DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT
*(Statute of Limitations)*

29.    Further responding to the allegations of the Complaint, these Defendants would show that in the event that these Defendants defaulted under the Subordinated Promissory Note and/or the 2006 Consulting Agreement, the said default occurred more than three years prior to the institution of the present action, and that the claims of the Plaintiff are barred by the applicable statute of limitations, for which reason the Plaintiff may not recover in any amount whatsoever.

### FOR A FOURTH DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT
*(Lack of Jurisdiction)*

30.    Further responding to the allegations of the Complaint, these Defendants would show that the Plaintiff has failed to sufficiently plead the basis for jurisdiction in this matter, and thus that this Court lacks jurisdiction over this case, for which reason the Complaint should be dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

### FOR A FIFTH DEFENSE AND AS A CROSS CLAIM AGAINST
### DEFENDANT DONALD L. POTTIEGER, JR.
*(Breach of Contract)*

31.    In the event that it is determined that this Court has jurisdiction over this action, then the Court may exercise pendent jurisdiction over the present Cross Claim pursuant to 28 U.S.C. §1367.

32.    On or about October 1, 2007, Southland Landscape Corporation sold all of its interest

in and to the shares of stock in Bass Custom Landscapes to Defendant Donald L. Pottieger, Jr. pursuant to a Stock Purchase Agreement; a true and correct copy of the Stock Purchase Agreement between Southland Landscape Corporation and Donald L. Pottieger, Jr. is attached hereto as Exhibit "A" to this Answer and Cross Claim.

33.    Pursuant to the terms and conditions of the said Stock Purchase Agreement, Defendant Donald L. Pottieger, Jr. agreed and covenanted to assume and pay any obligation of Southland Landscape Corporation to the Plaintiff herein.

34.    On or about October 1, 2007, Defendant Donald L. Pottieger, Jr. executed and delivered an Assignment and Assumption Agreement, a true and correct copy of which is attached hereto as Exhibit B to this Answer and Cross Claim.

35.    Pursuant to the terms and conditions of the said Assignment and Assumption Agreement, Donald L Pottieger, Jr. agreed and covenanted to assume and pay any obligation of Southland Landscape Corporation to the Plaintiff herein.

36.    Upon information and belief, the Defendant Donald L. Pottieger has failed to make payment of all obligations of these Defendants to the Plaintiff pursuant to the terms and conditions of the Stock Purchase Agreement and Assignment and Assumption Agreement.

37.    The failure of the Defendant Donald L. Pottieger, Jr. to make payment of the obligations of these Defendants to the Plaintiff constitutes a breach of the Stock Purchase Agreement and Assignment and Assumption Agreement, causing damages to these Defendants.

38.    By reason of the breach of the said contract by Defendant Donald L. Pottieger, Jr., Donald L. Pottieger, Jr. is liable for breach of contract to the Defendants Southland Landscape Management Corporation and Donald L. Pottieger, Sr. in the amount of any liability of these Defendants to the Plaintiff, plus any and all costs, expenses and attorneys' fees incurred in defending

the present action.

WHEREFORE, having fully responded to the allegations of the Complaint, Defendants Southland Landscape Corporation and Donald L. Pottieger, Sr. pray that this Court dismiss the present action for lack of jurisdiction.  In the event that the Court exercises jurisdiction over this matter, Defendants Southland Landscape Corporation and Donald L. Pottieger, Sr. pray that this Court dismiss the allegations of the Complaint or, in the alternative, if it finds these Defendants, or either of them, liable to the Plaintiff, that this Court render judgment in their behalf against Defendant Donald L. Pottieger in a like amount, plus all costs, expenses and attorneys' fees incurred in defending the present action.

BERNSTEIN & BERNSTEIN, P.A.

 /s/Robert A. Bernstein
Robert A. Bernstein
Federal I.D. #1311
5418-B Rivers Avenue
North Charleston, SC 29406-6129
(843) 529-1111; (843) 529-0035 (fax)
rbernstein@bernsteinpa.com
ATTORNEYS    FOR    DEFENDANTS
SOUTHLAND LANDSCAPE CORPORATION
AND DONALD L. POTTIGER, SR.